IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Elizabeth Inez Hagy, | ) | Civil Action No.  2:10-552-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, | ) | **OF MAGISTRATE JUDGE** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Elizabeth Inez Hagy, brought this action pursuant to Section 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)),[2] to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") regarding her claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, as amended (the "Act").

## RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

The plaintiff was 21 years old on the date she applied for SSI.  (R. at 75.)  She alleged that she became disabled on November 12, 2004.  (R. at 75-77.)  She had an eighth-grade education, but later obtained a GED.  (R. at 38-39, 102.)  She has no work history.  (R. at 105.)

The plaintiff filed an application for SSI in January 2006.  (R. at 75-77.)  She alleges disability on account of mitral valve prolapse with palpitations, disc degeneration with mild bulging of L5-S1, borderline intellectual functioning, anxiety, Attention Deficit Disorder

_____

[1]  A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

[2]  42 U.S.C. Section 1383(c)(3) "incorporates the review provisions of 42 U.S.C. § 405(g)." Melkonyan v. Sullivan, 501 U.S. 89, 92 (1991).

(ADD), depression, and esotropia.  (R. at 14-15.)  Her application was denied initially, on reconsideration, and, after an administrative hearing, by an ALJ on November 18, 2008. (R.  at 9-21, 24-39, 42-46, 50-52.)  The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1)    The claimant has not engaged in substantial gainful activity since July 25, 2006, the application date (20 CFR 416.971 *et seq.*).
>
> (2)    The claimant has the following severe impairments: mitral valve prolapse with palpitations; disc degeneration with nild bulging of K5-S1; borderline intellectual functioning; anxiety; and attention deficit disorder (ADD).  (20 CFR 416.921 *et seq*).
>
> (3)    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> (4)    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of unskilled light work as defined in 20 CFR 416.967(b).
>
> (5)    The claimant has no past relevant work (20 CFR 416.965).
>
> (6)    The claimant was born on December 31, 1985 and  was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> (7)    The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> (8)    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CR 416.968).
>
> (9)    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that

2

exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

(10)    The claimant has not been under a disability, as defined in the Social Security Act, since January 25, 2006, the date the application was filed (20 CFR 416.920(g)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. § 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 4, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 416.920. If an individual is found not disabled at any step, further inquiry is unnecessary. *Id.*; *see also Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling (SSR) 82–61, 1975-1982 Soc. Sec. Rep. Serv. 836. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 1382c(a)(3)(H)(i). He must make a prima facie showing of disability by showing that he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy.  The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  *Id.* at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Richardson v. Perales*, 402 U.S. 389 (1971).  Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* U.S.C. § 405(g)*; Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a  verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational.  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

4

## **DISCUSSION**

The plaintiff contends that the ALJ erred in failing to find her disabled.  Specifically, the plaintiff alleges a single objection that the ALJ erred in considering her subjective testimony of symptom, pain, and fatigue.  The Court will address it below.  As an initial matter, however, the plaintiff has also requested that the Court consider the entire 6 pages of a questionnaire, completed by Dr. Daniel C. Ripley, and which was submitted to the Appeals Council as additional evidence.  (R. at 4, 554-622.)  Because only three pages of it are included in the transcript (R. at 560-63), the plaintiff fears that the whole thing was not considered.    The Appeals Council expressly stated that it considered the additional evidence, but denied review because it found the evidence did not provide a basis for changing the ALJ's decision.  (R. at 1-2.)  As the defendant notes, because the additional evidence is incorporated into the administrative record, this Court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings."  *See Wilkins v. Sec'y of Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). A few points are dispositive

First, the plaintiff has not actually submitted the missing pages.  And, she has failed to do so even after the defendant has pointed out the deficiency.  The Court has nothing to review.  Second, she has not made any case that the pages were actually missing at the time of the Appeals Council's consideration, other than that they are missing now.  There is no submission or representation that any effort has been made to determine what was actually befor the Council.  Finally, she has not suggested how the missing pages would have the tendency to alter the outcome.  The plaintiff has exclusively argued those portions of the questionnaire actually present in the record.  (Pl. Brief at 2-3.)  The Court has no bases to remand for concerns over the questionnaire.

5

### *Plaintiff's Credibility*

The plaintiff contends that the ALJ improperly discounted her testimony. The plaintiff testified that she experiences frequent headaches and nausea and is on medication for nausea due to problems with her eyes. (R. at 31.) She further testified that she experiences severe abdominal pain that may be related to a stomach ulcer but that she has not been able to afford the barium swallow she needs in order to determine whether an ulcer is the cause of the pain. (R. at 31-32.) She further testified to a history of back pain, for which is currently unable to afford treatment. (R. at 32-33.) The plaintiff testified at her hearing that she experiences significant sleepiness resulting in her sleeping for up to four or five hours during the daytime. (R. at 33-34.) She also testified to shortness of breath and lack of energy. (R. at 35.)

The plaintiff argues that her treating physicians recommended, and she complied with, various courses of treatment including medications and injections for her pain and that "there is nothing in the record to suggest that the plaintiff's assertion of her level of pain was anything but credible." (Pl. Brief at 4.) The plaintiff does not specifically cite evidence in support although she had previously cited and detailed in her brief the questionnaire of Dr. Ripley (not before the ALJ). Dr. Ripley listed the plaintiff's level of pain and her level of fatigue as moderately severe. (R. at 562.) Dr. Ripley also stated that he has been unable to relieve her pain without unacceptable side effects. (R. at 562.) He also stated that the plaintiff could only sit, stand, or walk for 1 hour in an 8-hour day and that it would be necessary or medically recommended for her not to sit, stand, or walk continuously in a work setting. (R. at 562.)

Federal regulations, 20 C.F.R. §§ 416.929(a) and 404.1529(a), provide the authoritative standard for the evaluation of pain in disability determinations. *See Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996). Under these regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Id.* at 594.

First, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 591 (quotation and emphasis omitted). This threshold test "does not . . . entail a determination of the 'intensity, persistence, or functionally limiting effect' of the claimant's asserted pain." *Id.* at 594. Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. When the ALJ fails to "expressly consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. *Id.* at 596.

The ALJ performed the analysis as required and concluded that the plaintiff's account of her symptoms was not fully credible as to intensity, persistence and limiting effects. (R. at 17-18.) Specifically, as to the plaintiff's mitral valve prolapse with palpitations, the ALJ gave her testimony "some weight." (R. at 18.) As to her disc degeneration with mild bulging, he ascribed her testimony "limited weight." *Id.* Lastly, concerning her borderline intellectual functioning, attention deficit disorder, and anxiety, the ALJ accorded the plaintiff's account "full weight." (R. at 18-19.) The plaintiff's appeal neither recognizes nor concedes the range of specific weight applied to the plaintiff's varying impairments. Rather, in blanket and conclusory terms, the plaintiff seems simply to suggest that Dr. Ripley's opinion, as to her pain and fatigue, was objective medical evidence corroborative of her subjective testimony and, therefore, that more weight should have been accorded.

As an initial matter, the Court is not precisely sure how to field the objection as alleged. It is undisputed that the ALJ did not have Dr. Ripley's opinion before him; it was submitted after the ALJ's decision. (Pl. Brief at 2.) So the ALJ could not have committed

error in regards to it.[3]    But, at the same time, the plaintiff has not complained that the

Appeals Council somehow wrongly considered the questionnaire.  The plaintiff has only

raised concerns, although not persuasively, over the possibility that the Council did not have

the full document.  So the ALJ could not have committed any error and the plaintiff has not

made any effective allegation that the Appeals Council did.

Moreover, the ALJ advanced other reasons for diminishing the weight given the

plaintiff's testimony.  Namely, the ALJ cited to the opinion of other treating or examinng

physicians, including Drs. Jacob Nunamaker, Erasme Coly, Leland Stoddard, and Karen

Eller, who either found benign test results or that the plaintiff's pain and symptoms were

largely controlled by treatment and medicine. (R. at 18.)  The plaintiff has not contested any

of these observations.

The ALJ also reasonably discounted the plaintiff's subjective complaints because of

inconsistencies in her own statements concerning the severity of her symptoms.  (R. at

18-19). This was a permissible consideration.  *See* 20 C.F.R. § 416.929(a) (In determining

whether you are disabled, [w]e will consider all of your statements about your symptoms[.]");

SSR 96-7p, 1996 WL 374186, at *1 (1996) (same); *see also Mickles v. Shalala*, 29 F.3d

918, 921 (4th Cir. 1994) (affirming ALJ's credibility finding where the plaintiff's testimony

was inconsistent with her medical records).  During 2006, the plaintiff consistently reported

that she had no nausea, shortness of breath, or back pain, and complained of abdominal

pain once.  (R. at 216, 303-04, 382-83, 540.)  During 2007, the plaintiff again consistently

reported that she had normal energy levels and no fatigue, shortness of breath, nausea,

joint or muscle complaints, and only once reported abdominal pain. (R. at 530-31, 533-34,

536-37).  During 2008, the plaintiff also reported, including to Dr. Ripley, that she had

normal energy levels and no shortness of breath, nausea, fatigue, joint or muscle pain, or

---

[3]  For this reason, the Court has not separately considered any error in the ALJ's application of the treating physician rule.

8

abdominal pain.  (R. at 401, 525-28.)  The discrepancy between the plaintiff's testimony at the administrative hearing and her previously made reports to her medical providers, as detailed, is a reasonable bases upon which to discount her testimony.  Again, the plaintiff has not addressed it.

Simply because the plaintiff can produce conflicting evidence, in the form of Dr. Ripley's questionnaire, partial or whole, which might have resulted in a contrary interpretation is of no particular moment. *See Blalock*, 483 F.2d at 775.  As briefly recited, the ALJ had substantial evidence, uncontested by the plaintiff, to conclude as he did and the Court will not disturb his decision.

In the last sentence of her brief, the plaintiff states that the ALJ found her depression non-severe.  There is no argument, for the Court to entertain, that it should have been otherwise.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

S/ Bruce H. Hendricks
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 3, 2011
Greenville, South Carolina